

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

NOV 2 4 2009

ERIC SHAW                                                                     PLAINTIFF

v.                            Civil No. 6:09-cv-6113

BRENDAN DONAHUE,
Prosecuting Attorney                                                 DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Eric Shaw (hereinafter Shaw), pursuant to 42 U.S.C. § 1983. The Clerk is directed to file the *in forma pauperis* application and complaint. Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons stated below, it is my recommendation that Plaintiff's *in forma pauperis* application be denied and his complaint be dismissed.

### Background

Shaw is currently incarcerated in the Garland County Detention Center (GCDC). According to the allegations of the complaint, on April 16, 2009, during the sentencing phase of a jury trial, prosecuting attorney, Brendan Donahue (hereinafter Donahue) referred to Shaw as a "pimp." Shaw maintains there is no evidence to support this accusation. Shaw contends Donahue's statement affected the jury and his relationship with his family.

As relief, Shaw seeks monetary damages for emotional strain and mental anguish. Shaw also seeks an order preventing Donahue from operating in his "official position."

### Discussion

As noted above, Shaw is incarcerated in the GCDC. Pursuant to the statutes governing *in forma pauperis* proceedings and screening of prisoner civil actions, 28 U.S.C. §§ 1915(e)(2)(B), 28

U.S.C. § 1915A, the court has the obligation to screen any complaint brought by a prisoner seeking to proceed *in forma pauperis*. In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.). *See also* 28 U.S.C. § 1915(e)(2)(B).

In his affidavit, Plaintiff indicates he has no private funds, owns nothing of value, and has no funds in an inmate account. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims asserted are clearly subject to dismissal. Donahue is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the Defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Shaw's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, see *Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a Plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Shaw can make no such showing here.

## Conclusion

Accordingly, I recommend that Plaintiff's request to proceed *in forma pauperis* be denied and the complaint be dismissed without prejudice.

Further, Shaw is advised that the dismissal of this lawsuit will be considered a "strike" for purposes of the Prison Litigation Reform Act (PLRA). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**Shaw has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Shaw is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of November 2009.

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE